IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VIVIAN FRANCISCO<br>PLAINTIFF, | *<br>*<br>* | CIVIL ACTION NO._____ |
| v. | * | |
| | * | COMPLAINT AND |
| PORTFOLIO RECOVERY<br>ASSOCIATES, LLC,<br>DEFENDANT | *<br>*<br>* | DEMAND FOR A JURY TRIAL |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

VIVIAN FRANCISCO ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Louisiana, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

## PARTIES

6. Plaintiff is a natural person residing in Baton Rouge, East Baton Rough Parish, Louisiana.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection company with its headquarters in Norfolk, Virginia.

## FACTUAL ALLEGATIONS

10. In or around November of 2010, Defendant began placing collection calls to Plaintiff in attempt to collect an alleged debt.

11. Defendant places collection calls to Plaintiff nearly every day, and at times multiple times per day.

12. In or around February of 2011, Plaintiff spoke with Defendant and advised it that she would call it back as soon as she had money available to make a payment.

13. Subsequently, Defendant's collection calls to Plaintiff increased.

14. Plaintiff again told Defendant that she would call it when she had money available, but until then, she cannot make a payment.

15. Despite the aforementioned, Defendant continues to place daily collection calls to Plaintiff seeking payment on the alleged debt.

16. Defendant also places collection calls to Plaintiff's place of employment.

17. Plaintiff informed Defendant approximately three (3) times that she is unable to receive personal calls at her place of employment, and told Defendant to stop calling her there.

18. However, Defendant continued to place at least two (2) additional collection calls to Plaintiff at her place of employment.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with Plaintiff at a time or place known to be inconvenient to Plaintiff.

    b. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at her place of employment despite the knowledge that Plaintiff's employer prohibits Plaintiff from receiving such communication.

    c. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    d. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, VIVIAN FRANCISCO, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k* , and

22. Any other relief that this Honorable Court deems appropriate.

                          RESPECTFULLY SUBMITTED,

Dated: May 4, 2011        By: /s/ Kelli Denise Mayon          ,
                                 Kelli Denise Mayon Esq.
                                 Attorney for Plaintiff
                                 kellimayon@gmail.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, VIVIAN FRANCISCO, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF LOUISIANA

    Plaintiff, VIVIAN FRANCISCO, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, VIVIAN FRANCISCO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_4/26/11_  
Date

_Vivian Francisco_  
VIVIAN FRANCISCO